# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARYL SMITH,** | : | **CIVIL NO. 1:10-CV-1021** |
| | : | |
| **Plaintiff,** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **ATLAS FITNESS** | : | |
| **INCORPORATION SYSTEMS,** | : | |
| et al., | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

**I.     Statement of Facts and of the Case**

This case is a *pro se* civil rights action filed by the Plaintiff on May 12, 2010. (Doc. 1)  In his complaint, Smith, a state inmate, alleged that Defendants Atlas Fitness Incorporation Systems and Ballys Fitness (collectively, "Defendants") were liable for certain personal injuries that he sustained in 2008 as the result of "being crushed" by an 1100-pound weight machine that he was delivering. (Doc. 1)  While Smith filed this complaint from state prison in Pennsylvania, it appears that the complaint relates to matter pre-dating his incarceration, and may involve events which occurred in New Jersey.

1

On May 13, 2010, at the inception of this case, this Court notified the Plaintiff of his obligations as a *pro se* litigant in a practice order, stating in clear and precise terms as follows:

> C. A Pro Se Plaintiff's Obligation to Inform the Court of Address Changes.
>
> A *pro* se plaintiff has the affirmative obligation to keep the court informed of his or her current address. If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 3)

The Court then initially authorized Plaintiff to proceed *in forma pauperis*, and directed the Clerk of Court to serve Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 4) After filing this complaint, Smith has taken no further steps to prosecute this lawsuit. Thus, although on November 22, 2010, Defendants acknowledged receiving service of the summons and complaint, (Docs. 6, 7), there appears to have been no further activity from Plaintiff to prosecute these claims since Defendants' acknowledged service. The Plaintiff's inaction inspired the Court to enter an order in this matter on July 12, 2011, which provided in part as follows:

> Because the Court has received no communication from Plaintiff or Defendant in nearly eight months, and because the Court finds it necessary to determine Plaintiffs' intentions with respect to the action that he filed more than one year ago, IT IS HEREBY ORDERED THAT on or before **Friday, July 29, 2011**, Plaintiff shall advise the Court in writing whether he will seek default against Defendants for their failure to respond timely to this action, or, alternatively, whether he wishes to have the lawsuit dismissed.

(Doc. 8)

Following the entry of this order Smith has taken no action to comply with the Court's July 12, 2011, order and we have now received notice that this order, which was mailed to Smith at the address which he provided to the Court, has been returned as undeliverable, indicating that Smith has failed to abide by this basic court-ordered obligation to keep the Court informed of his whereabouts. (Doc. 9.)

On these facts, where Smith is not in compliance with court orders; Smith's current whereabouts are unknown; and Smith's inability or unwillingness to litigate the case which he has filed is frustrating efforts to resolve this matter, we recommend that the case be dismissed.

## II.  Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x

509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the Plaintiff, has failed to abide by the standing practice order of this Court, has not actively prosecuted this case, has neglected to provide a current address where he can be reached and has now made communication by the Court with this party virtually impossible.

Similarly, the second Poulis factor–the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action.[1] The Plaintiff's failures to communicate with the Court, or provide a means for us to communicate with him, now prevents any the resolution of this action. In such instances, dismissal of the case clearly rests in the discretion of the trial judge.

---

[1] We acknowledge that Defendants have also not participated meaningfully in this litigation, and have yet to answer or otherwise respond to Plaintiff's complaint.  However, the fact that Defendants have themselves been dilatory or inattentive should not persuade the Court to continue to administer an action that the Plaintiff appears to have abandoned, particularly where the Plaintiff has neither responded to Court orders, nor complied with the basic requirement that he keep the Court apprised of his whereabouts so that the Court can effectively communicate with him regarding this case.

Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor–the history of dilatoriness on the Plaintiff's part–it becomes clear that dismissal of this action is now appropriate. After filing his complaint last year, the Plaintiff has failed to litigate this matter, or comply with orders of the Court, and we are utterly unable to communicate with the Plaintiff, whose whereabouts are unknown.

The fourth Poulis factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to litigate this case and comply with instructions of the Court directing the Plaintiff to take specific actions in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect a knowing disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation

such as this case, where we are confronted by a *pro se* litigant who has not complied with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro se* litigant severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders, and counseling the Plaintiff on his obligations in this case, but to no avail. The Plaintiff still declines to obey court orders, and otherwise ignores his responsibilities as a litigant. Since lesser measures have been tried, and have failed, only the dismissal remains available to the Court.

Finally, under Poulis we are cautioned to consider one other factor, the meritoriousness of the Plaintiff's claims. In our view, consideration of this factor cannot save the Plaintiff's case from dismissal. Since no party is actively litigating this case at present it is impossible to assess what merit, if any, there may be to these claims. We do note, however, that the complaint seems to relate to injuries suffered by the Plaintiff in New Jersey, prior to his imprisonment in this district. Moreover, the Defendants appear to be a New York and a New Jersey company. Therefore, it appears that venue is lacking over these claims in this district since:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

In this case, the Defendants all reside in New Jersey or New York, and a substantial part of the events or omissions giving rise to the claim occurred in New Jersey. Nothing links this case to the Middle District of Pennsylvania except for the happens-chance of Smith's imprisonment here at the time he filed his complaint, a status that has now apparently changed since it is reported that Smith is no longer incarcerated in this district. Therefore, on the face of the complaint venue simply does not lie in this district under 28 U.S.C. §1391.

While an objection to venue may be waived by a Defendant, this Court is permitted *sua sponte* to raise the issue of an apparent lack of venue. Normally in such cases a court would give the plaintiff notice of its concerns and an opportunity to be heard on this venue issue. See e.g., Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)("a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not

dismiss without first giving the parties an opportunity to present their views on the issue."); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). However, in this case we are unable to provide Smith with such notice because he has abandoned this litigation and left us no forwarding address where he can be reached. Therefore, in this case, where the complaint is also subject to dismissal for lack of venue pursuant to 28 U.S.C. §1406, and Rule 12(b)(3) of the Federal Rules of Civil Procedure, an assessment of the final Poulis factor– the meritoriousness of the Plaintiff's claims–also calls for dismissal of this action.

### III.  Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days [2]after being served with a copy thereof. Such

---

[2]We note that the deadline for objections to this report and recommendation will fall beyond the July 29, 2011 deadline which we set for the Plaintiff to take action in this case which we set in our July 12 order, an order which was returned to the Court as undeliverable. (Docs. 8 and 9) Thus, if this 14-day period elapses without action by the Plaintiff, the Plaintiff will have failed to comply with yet

party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of July, 2011.

                                          ***S/Martin C. Carlson***
                                          Martin C. Carlson
                                          United States Magistrate Judge

---

another court order in this case.